EL PUEBLO, DEMANDANTE Y APELADO, *v.* RODRÍGUEZ, ACUSADO Y APELANTE.

No. 2276.—*Visto:* Mayo 27, 1924. *Resuelto:* Diciembre 19, 1924.

MEDICINA, CIRUGÍA, OBSTETRICIA; EJERCICIO ILEGAL DE—PRUEBA. — Una persona que prueba no haber sido un impostor o curandero, sino hombre de cierta ambición y con interés en el estudio de la medicina, y que ejercía esta profesión en Puerto Rico desde 1904, gozando de la confianza de clientes y compañeros y de la comunidad en que vivía, está comprendida entre las personas autorizadas en el "disponiéndose" de la ley de marzo 9, 1911, y no puede ser castigada por ejercer ilegalmente la medicina en abril, mayo y junio de 1923.

SENTENCIA de *T. Bryan*, J. (Aguadilla), condenando al acusado por delito de ejercer la medicina ilegalmente. *Revocada.*

*F. Cervoni Gely*, abogado del apelante; *José E. Figueras, Fiscal,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En este caso la acusación alega que durante los meses de abril, mayo y junio de 1923, el acusado, "voluntaria, ilegal y maliciosamente, con intención de usurpar las funciones

de los médicos autorizados en Puerto Rico, y a sabiendas, ejerce la profesión de médico-cirujano, añadiendo a su nombre las letras M.D. (Doctor en Medicina), anunciándose públicamente como médico y prescribiendo para el uso de personas, drogas y medicinas, sin que su nombre haya sido inscrito en los archivos de la Junta de Médicos Examinadores de Puerto Rico, ni tampoco esté inscrito en el Registro de Médicos Cirujanos del Departamento de Sanidad de Puerto Rico.''

Al tratar el tercer señalamiento de error, o sea, que la sentencia es contraria a los hechos probados y a la ley, el Fiscal se expresa en los siguientes términos:

''Parece haber sido objeto de discusión en la corte inferior, á juzgar tanto de la prueba como del propio alegato del apelante, el hecho de si el acusado había ejercido la profesión de médico con más de cinco años de anterioridad al 1911, cosa que parece trató de probar el Fiscal, mientras el acusado trataba de probar que desde 1904 venía ejerciendo la profesión sin interrupción alguna, y parece que tanto la corte inferior como el Fiscal y la defensa dieron suma importancia a dicha cuestión sin duda para determinar si la violación de ley estaba comprendida en la Ley No. 79 de 9 de marzo de 1911 (p. 260, sesión extraordinaria) o en la Ley No. 73 de 30 de julio de 1923 (p. 549.)

''A nuestro juicio, no tiene importancia esta distinción que se pretende hacer de ambas leyes porque en cualquiera de las dos cae de lleno la violación que por la presente denuncia se establece.

''La Ley No. 79 de 1911 establece la forma en que la Junta de Médicos Examinadores expedirá los certificados o licencias para el ejercicio de la medicina y cirugía en Puerto Rico, requiriendo dicha ley un examen a los médicos debidamente graduados como tales antes de la expedición de dicho certificado; pero la misma ley tiene un 'Disponiéndose' al final que dice lo siguiente:

'' 'que todos los médicos, osteópatas o cirujanos que posean certificados expedidos por la actual Junta de Médicos Examinadores quedarán exentos de las disposiciones de esta regla, y que todos los que hubieren ejercido en Puerto Rico cualquiera de estas profesiones por un período de cinco años con anterioridad a la aprobación de la presente ley, podrán continuar en el ejercicio de la misma sin que en nada les afecten las anteriores disposiciones.'

"El acusado-apelante admitió que ejercía la profesión de médico desde el año 1904, y, por tanto, que habiéndola ejercido con mucho más de cinco años de anticipación a la fecha en que fué aprobada dicha ley en 1911, estaba exento del examen prescrito por la referida ley, y, por tanto, podía ejercer la profesión.

"Pero es que el 'disponiéndose' que hemos citado anteriormente no puede interpretarse en la forma que pretende el apelante porque si bien es cierto que dispone que todo el que hubiere ejercido en Puerto Rico la profesión de médico con cinco años de antelación estaba exento del examen requerido por la Junta de Médicos, es necesario que se pruebe como condición *sine qua non* que el acusado era tal médico-cirujano, esto es, que había sido graduado de un colegio o institución de medicina bien acreditada u organizada legalmente, según expresa la propia ley, para admitir a examen a los aspirantes al ejercicio de la profesión de medicina; pero no es posible que se pueda interpretar dicho 'disponiéndose' en el sentido de que cualquier persona que, no siendo médico, por el hecho de que hubiese ejercido con cinco años de anterioridad a la ley de 1911, pueda ejercer la profesión de medicina ya que se necesita como requisito esencial el que sea un médico-cirujano graduado y con título de una universidad acreditada.

"De otra suerte un zapatero, por ejemplo, que hubiese trabajado como curandero y hubiese recetado por espacio de cinco años con anterioridad a dicha ley, hubiese podido acreditar que era un médico por el solo hecho de haber ejercido la medicina por espacio de cinco años, y éste no puede ser el propósito ni el fin que persigue la ley de 1911 que hemos citado anteriormente.

"En cuanto a la Ley de 1923, citaremos la sección de la misma pertinente al presente caso, que es la siguiente:

" 'Toda persona que ejerciere la medicina o cirugía o cualesquiera otros ramos de éstas, o la obstetricia en la Isla, contrariamente a las disposiciones de esta Ley, por cada infracción de las mismas incurrirá en *misdemeanor* y convicta que fuere de ello, será castigada con una multa que no excederá de quinientos dólares ni bajará de cincuenta dólares o prisión en la cárcel por un término de treinta a noventa días o ambas penas a discreción del tribunal. Para los efectos de esta Ley se considerará que ejerce la profesión toda persona que a sus nombres añadiere las letras D. M. (Doctor en Medicina), o que públicamente se anunciare como médico o cirujano y que a sabiendas y con intención de usurpar las funciones de los médicos autorizados, prescribiere, formulare u ordenare, para

el uso de cualquier persona, alguna droga, medicina, agua, mejurje, brevaje, mecanismo, aparato u otro medio fuere o nó material, para la cura, alivio o mitigación de cualquier dolencia o enfermedad moral o física o para la cura o alivio de cualquier herida, fractura o daño corporal u otra enfermedad, o que directa o indirectamente reciba remuneración por tales servicios.'

"No encontramos, pues, que se haya cometido error alguno en la tramitación de este proceso, por cuya razón somos de opinión que procede la confirmación de la sentencia apelada."

En tanto se trata de la interpretación de la Ley de 1911, el apelante se funda en lo que parece ser una opinión cuidadosamente considerada y preparada por el Fiscal General de Puerto Rico en contestación a una petición del Gobernador. 3 Opiniones del Attorney General de Puerto Rico, págs. 465–468, de la cual citamos lo siguiente:

"Una persona que tiene una práctica establecida como médico o cirujano no está *ipso facto* exento del cumplimiento de la subsiguiente legislación que le exige cumplir con ciertos requisitos razonables respecto a sus condiciones. Las leyes de medicina, sin embargo, con mucha frecuencia eximen de su cumplimiento a aquellos que han practicado en los estados por cierto período de tiempo con anterioridad a su aprobación, y tal disposición legal no es anticonstitucional por el fundamento de establecer privilegios; pero esta exención se ha resuelto que es aplicable solamente a aquellos cuya práctica anterior era legal.

"Ahora, surge la siguiente cuestión: '¿Qué efecto tienen sobre la ley de 1903 las palabras, "y que todos los que hubieren ejercido en Puerto Rico cualquiera de estas profesiones por un período de cinco años, con anterioridad a la aprobación de la presente ley, podrán continuar en el ejercicio de la misma sin que en nada les afecten anteriores disposiciones," ' incorporadas en la ley de marzo 9, 1911?

"El artículo 3 de la ley aprobada en marzo 9, 1911, como fué enmendado, dispone que una persona que deseare ejercer la medicina o la cirugía o cualesquiera de sus ramas, o la obstetricia, etc., solicitará de la Junta un certificado o licencia para ello. También prescribe que el solicitante se someta a un examen por la Junta, presentación de diplomas, etc., y que después del examen si el candidato resultare apto la Junta le expedirá un certificado o licencia

que le habilite para ejercer la medicina y cirugía o cualquiera de sus ramas. Este artículo prescribe además que todos los que hubieren ejercido en Puerto Rico cualquiera de estas profesiones por un período de cinco años con anterioridad a la aprobación de la presente ley, podrán continuar en el ejercicio de la misma sin que en nada les afecten las anteriores disposiciones.

"Después de una consideración muy cuidadosa del asunto y del deseo por mi parte de dar a este artículo una interpretación que esté en armonía y de acuerdo con la práctica hasta ahora seguida en Puerto Rico, de exigir a todos los solicitantes que sean examinados y obtengan una licencia o certificado de la Junta de Médicos Examinadores, siento llegar a la conclusión de que las palabras usadas son demasiado claras para admitir más de una interpretación—y ésta es, que la Legislatura tuvo la intención de autorizar directamente a todas las personas que habían ejercido la medicina, cirugía, obstetricia, o cualquiera de las ramas de medicina, cirugía u obstetricia, por cinco años con anterioridad a la aprobación de la ley de marzo 9, 1911, sin someterlas a un examen por la Junta de Médicos Examinadores y obtención de un certificado o licencia de dicha Junta.

"Por supuesto que es bien sabido que la Legislatura tiene el derecho de regular la práctica de la medicina y cirugía y que está autorizada para hacerlo así expresamente, o que puede nombrar comisionados, comités o juntas con tal fin. Ahora bien, ella nombró una junta para resolver sobre las condiciones de solicitantes al ejercicio de la medicina, cirugía, etc., y ésta fué la ley por varios años. En 1911 enmendó la ley con el fin de prescribir de modo inequívoco que cualquiera persona que ha ejercido la medicina, cirugía, etc., en Puerto Rico por un período de cinco años con anterioridad a la aprobación de la ley de 1911, tiene derecho a continuar en tal ejercicio.

"Esta enmienda contenida en la ley de 1911 presenta una condición muy anómala: Por ejemplo, aquí hay un hombre que por cinco años ha ejercido la medicina y la cirugía en violación de la ley contra la protesta de la Junta de Médicos Examinadores y la Legislatura, por la ley de marzo 9, 1911, autoriza a ese hombre a que continúe en el ejercicio de su profesión en Puerto Rico. Es la ley del país, sin embargo, y demasiado clara para ser discutida. El hombre sin una licencia de la Junta de Médicos Examinadores que alega este derecho bajo la ley de 1911, a menudo puede encontrarse en una situación embarazosa. El no sabe cuándo puede qué-

dar sujeto a las penalidades de la ley, y sometido a un arresto en cualquier momento por no tener ningún certificado o licencia de la Junta que acredite que ha estado en realidad ejerciendo su profesión en Puerto Rico por cinco años con anterioridad a la aprobación de la ley de 1911; la Junta no está autorizada para darle tal certificado o licencia, y lo que haga lo hace a su riesgo de acuerdo con esta ley.

"Siento decir que me veo obligado a informar a usted, por tanto, que la Legislatura verificó un cambio muy esencial en la ley de 1903, con respecto a la autorización de personas al ejercicio de la medicina, cirugía, etc., en la Isla de Puerto Rico, por su ley de marzo 9, 1911, y que por virtud de la enmienda contenida en esta última ley cualquiera persona que ha ejercido la medicina, cirugía, o cualquiera de sus ramas por cinco años con anterioridad a la aprobación de la ley de 1911, está autorizada a seguir ejerciendo tal profesión sin obtener un certificado o licencia de la Junta de Médicos Examinadores,—o sea que la Junta no puede expedir un certificado o licencia a tal solicitante, ni tiene él derecho a dicho certificado o licencia."

Esta opinión se cita y transcribe con alguna extensión en el alegato del apelante y difícilmente puede ser pasada por alto.

Aunque tal resolución, por supuesto, no es obligatoria para esta corte, fuera de la fuerza persuasiva de su lógica y de cualquier respeto debido al prestigio y reputación así como al cargo oficial de su autor, sin embargo, parece bastante recomendable por su faz y está suscrita por un distinguido abogado de larga práctica y de reconocida habilidad, cuyo juicio deliberado sobre una cuestión de interpretación estatutoria no puede ser eliminado por las solas afirmaciones contenidas en el alegato del Gobierno en este caso.

Además, dicha opinión parece haber subsistido por más de diez años sin modificación o revocación por ninguno de los sucesivos jefes del Departamento a nombre del cual se emite.

Dentro de las circunstancias, no estamos dispuestos, a iniciativa propia y ahora, a atacar la validez de una conclusión a la cual se ha llegado con tan manifiesta mala gana

y aparentemente después de madura deliberación por el Departamento de Justicia Insular.

Y en cuanto a la Ley de 1923, será bastante con decir que una ley que define un delito y que ha sido aprobada en julio de 1923 para tener efecto en noviembre 1, 1923, no puede ser invocada con éxito como reguladora de un delito que se alega en una acusación de fecha octubre 20, 1923, que fué cometido en abril, mayo y junio de ese año.

El juez sentenciador, sin embargo, parece haberse basado en una enmienda del año 1919, Leyes de ese año, pág. 195, lo mismo que el Fiscal se funda en la Ley de 1923.

El *disponiéndose* en cuestión como fué enmendado en 1919, es como sigue:

". . . . *Disponiéndose, además,* que todos los médicos, médicos osteópatas y cirujanos, que posean certificados expedidos por la actual Junta de Médicos Examinadores, quedarán exentos de las disposiciones de esta regla; y que todos los médicos debidamente autorizados que hubieren ejercido en Puerto Rico por un período de cinco años con anterioridad a la aprobación de la presente ley, podrán continuar en el ejercicio de la profesión sin que en nada les afecten las anteriores disposiciones."

Pero si el apelante fué expresamente autorizado por la Legislatura en el año 1911, estaba tan "debidamente autorizado" para ejercer la medicina como cualquier graduado de una universidad acreditada que se hubiere sometido a un examen por y recibido un certificado de la Junta de Médicos Examinadores. Lo más que puede decirse de la enmienda de 1919, es que tal vez podría ser interpretada en el sentido de exigir a un acusado en la posición en que está el apelante que pruebe un doble período de tiempo de práctica constante, o sea, cinco años con anterioridad al año 1911, y otros cinco años anteriores al 1919. Pero aún así, el acusado en este caso, puede ser que por casualidad más que por haberlo hecho expresamente, haya cumplido con ese requisito. Cualquiera duda que pudiera haber habido respecto a la suficiencia de la prueba en este sentido quedó di-

sipada por las admisiones hechas por el mismo acusado en el examen de repreguntas del Fiscal al efecto de que en ciertos casos celebrados poco antes de la presentación de la acusación en éste, al probar el acusado su capacidad como perito de la acusación había manifestado bajo juramento que estuvo ocupado en el ejercicio de su profesión en Puerto Rico por un período de 10 años.

Esta admisión también se cita por el juez sentenciador en una opinión emitida al dictar sentencia, como único fundamento por el cual la prueba de la defensa fué rechazada. No solamente no hay ninguna incompatibilidad aparente entre esta admisión y la prueba de una práctica constante desde el año 1904 al 1911, sino que la explicación dada por el acusado es muy razonable y satisfactoria. Esto es, que para probar su capacidad como perito no estaba obligado a determinar con absoluta certeza todo el período de tiempo de su experiencia y que lo que tuvo presente era el segundo período de su práctica en el cual entró al continuar la práctica de su profesión en el año 1913 ó 1914, siguiente a su regreso a la Isla, después de una ausencia de dos años durante la cual había seguido estudios en la Universidad de Nebraska.

Si la declaración del acusado en su propio beneficio hubiera sido la única prueba aducida en su defensa en el juicio, tal vez podríamos vacilar en revocar la sentencia apelada.

Pero cualquiera duda que pudiera surgir de tal discrepancia, si lo es, queda disipada al momento por las declaraciones de los testigos que al parecer son de reputación, y cuya credibilidad no ha sido tachada de algún modo mediante repreguntas, o por prueba de refutación.

Uno de estos testigos es un hombre que sirvió primero como juez de paz y luego como Alcalde del pueblo donde el acusado ejerció, también sirvió después como Márshal de la

corte municipal en un municipio limítrofe. Dice que el acusado era el médico de su familia y con frecuencia actuaba como médico titular durante la ausencia de ese funcionario y a completa satisfacción de las autoridades locales y del público en general.

Otro de estos testigos, un médico de 60 años de edad con más de 30 de experiencia en la fecha del juicio, hombre cuya reputación profesional no fué puesta en tela de juicio en la corte inferior, que conoció al acusado en el año 1904 y luego fué llamado en consulta por él en varias ocasiones, parece haber estado impresionado favorablemente con los conocimientos del acusado como clínico y de su práctica en general.

La prueba, en conjunto, indica que el acusado no era un simple curandero ni un impostor sin condiciones en absoluto, durante los primeros años de su práctica, sino un hombre de cierta ambición y con verdadero interés en el estudio de la medicina, que tenía una práctica establecida y gozaba de la confianza y estimación de su clientela, de sus compañeros médicos y de la comunidad donde vivía. Antes del actual proceso nunca fué perturbado en la práctica de su elegida profesión a pesar del hecho de que ciertos miembros de la Junta de Médicos Examinadores conocían bien sus actividades. Apreciadas todas las cosas, él parece haber sido, aún antes de asistir a la Universidad de Nebraska, lo que Abraham Lincoln, si es cierta la tradición, podría haber llamado "un médico con bastantes conocimientos adquiridos por sí mismo."

No es necesario, por tanto, resolver ahora, ni ha de entenderse que resolvemos, que el juez sentenciador en un caso como éste no tiene discreción alguna al resolver la cuestión de qué es lo que constituye dentro del significado del "disponiéndose" de 1911 "ejercer en Puerto Rico cualquiera de las profesiones" allí enumeradas. Desde luego que un zapatero o un herrero que recomienda alguna receta favorita,

o diagnostica el caso de un amigo enfermo y receta un medicamento, con o sin remuneración por tales servicios, no estaría comprendido en el *disponiéndose.*

*Debe revocarse la sentencia apelada.*

El Juez Asociado Sr. Aldrey disintió.